IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-293 (1) |
| | § | C.A. No. C-06-92 |
| JAIME RENE ORTIZ-LOZOYA | § | |
| A/K/A/ ANGEL OLLIVARY, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE, AND ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Jaime Rene Ortiz-Lozoya's ("Ortiz") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 24).[1] After seeking and receiving a motion for extension of time to respond, the government filed its response and motion to dismiss on June 22, 2006. (D.E. 31, 32). To date, Ortiz has not filed a reply.

For the reasons set forth below, the Court GRANTS the government's motion to dismiss and DISMISSES Ortiz's motion, both because it is time-barred and because his substantive claims are lacking in merit. Additionally, the Court DENIES Ortiz a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. FACTS AND PROCEEDINGS**

On June 9, 2004, Ortiz was charged in a single-count indictment with being unlawfully found in the United States after having been previously denied admission, excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 1). On July 9, 2004, Ortiz pleaded guilty to

---

[1] Dockets entries refer to the criminal case, C-04-cr-293.

the indictment without a plea agreement. (D.E. 6). Ortiz was sentenced by this Court on December 16, 2004 to a 41-month term in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and the Court also imposed a $100 special assessment. Additionally, the Court revoked Ortiz's supervised release in Case No. M-02-cr-430 (1) and imposed a sentence of 24 months, to be served consecutively. (M-02-cr-430, D.E. 30). Final judgment was entered on January 1, 2005. Ortiz did not appeal and has not filed any other post-conviction motions.

On February 23, 2006, the Clerk received from Ortiz his motion for relief pursuant to § 2255, which the Court deems filed on February 21, 2006, the date Ortiz-Lozoya states that he mailed the document to the Clerk of this Court. (D.E. 24 at 7).[2]

### III. MOVANT'S ALLEGATIONS

Ortiz's motion lists only one ground for relief, although that ground contains two distinct claims. Specifically, he claims that he was denied the effective assistance of counsel because his court-appointed lawyer failed to object to the Court imposing consecutive sentences. Second, he claims that his counsel was constitutionally deficient for failing to investigate and to obtain the lowest possible sentence for Ortiz. As discussed in detail herein, Ortiz is not entitled to relief on his claims.

### IV. DISCUSSION

**A.    Statute of Limitations**

The first and primary reason that Ortiz's motion fails is that it is untimely. A motion made

---

[2] Ortiz's motion was received by the Clerk's office on February 23, 2006. His motion is dated as having been executed on December 14, 2005. The attached certificate of mailing to the Clerk, however, contains three different dates. A type-written date in November 2005 and a hand-written date of December 14, 2005, are both crossed out. Above those two dates is written "2-21-06." Based on its receipt by the Clerk on February 23, 2006, the Court believes the February 21, 2006 date of mailing is the accurate one. Accordingly, the Court deems the motion filed as of that date. Houston v. Lack, 487 U.S. 266, 276 (1988) (motion by pro se prisoner is deemed filed at the time it is delivered to prison officials for mailing). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

The government instead focuses on the date Ortiz signed the motion, i.e., December 14, 2005, and thus concludes that the motion is timely. Although the Court disagrees, it acknowledges that there is at least some confusion regarding the date of service. For this reason, the Court also addresses Ortiz's claims on their merits.

under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As previously noted, Ortiz did not appeal. Thus, his conviction became final when the time for filing an appeal expired. Judgment in this case was entered on January 2, 2005. A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P. 4(b). As calculated under Fed. R. App. P. 26, those ten days exclude intermediate Saturdays, Sundays and legal holidays. Calculated under Rule 26, ten days after January 2, 2005 is January 14, 2005. Ortiz's conviction therefore became final on January 14, 2005.

He had one year from that date, or until January 14, 2006, to file a § 2255 motion. Because he did not file his motion until February 21, 2006, his motion was filed more than one month late. Moreover, Ortiz offers no explanation for the untimely filing, and offers nothing from which this Court conclude he is entitled to equitable tolling. Accordingly, it is untimely and this Court does not have

---

[3] The statute provides that the limitations period shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

jurisdiction to consider it. Moreover, even if his motion were timely,[4] Ortiz's claims fail on their merits. as discussed in more detail in the remainder of this Order.

**B.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**C.     Ineffective Assistance of Counsel Claims**

Both of Ortiz's claims are ineffective assistance of counsel claims. Such claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir.

---

[4] See supra note 2.

2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert. denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In order for Ortiz to show that he suffered prejudice as to any sentencing issue, he must show that there is a reasonable probability that but for counsel's alleged errors, he would have received a lesser sentence. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). As discussed herein, there is no evidence to support any contention that, but for his counsel's alleged errors, Ortiz would have received a different sentence. Ortiz thus cannot establish prejudice and it is unnecessary to determine whether his counsel's performance was deficient.

### 1.     Failure to Object to Consecutive Sentences During Sentencing

Ortiz argues that his counsel was ineffective for failing to object to the Court's imposition of consecutive sentences. Even if his counsel had objected, the Court would not have ordered concurrent sentences. As an initial matter, the Court expressed its reasons for upwardly departing and for ordering consecutive sentences. Specifically, the Court noted that Ortiz's criminal history category was under-represented. In particular, he had an unscored conviction for burglary of a habitation, as well as an arrest for assault where the victim refused to testify. (D.E. 29, Sentencing Transcript "S. Tr." at 36-41). Additionally, the Court noted that Ortiz had actually been caught transporting 14 aliens in the back of a pickup truck, but had not been prosecuted for that because, according to the government, "no one wanted to talk." (S. Tr. at 36). The Court further noted that Ortiz was picked up at least 16 times for illegal entry. (S. Tr. at 36-41; see also D.E. 31 at Exh. 1, defense counsel

affidavit (summarizing Ortiz's extensive criminal history)).  In sentencing him in the instant case, the Court stated:

> THE COURT: All right.  In the '04 case, I am going to grant the Government's motion to upwardly depart to 41 months, which I think is even low in your case, due to your underscored criminal history, the recidivism, and the likelihood of recidivism in your case.  I find that this particular classification of criminal, of Total Offense Level 14, Criminal History Category IV, falls outside the heartland of the guideline cases.  That is, you fall out of the heartland of those cases described in Total Offense Level 14, Criminal History Category IV.
>
> And I do believe that you could have given some names to verify any personal history information, but you have not done so.
>
> I do find that you have a history of violent offenses, and that you appear to be undeterred by your repeated removals and apprehensions for illegal reentry into this country.

(S. Tr. at 42-43).

Similarly, in sentencing him for the revocation of supervised release, the Court stated:

> I've considered the guidelines in the '02 case and do not feel that they meet, that they address the behavior at issue by the Defendant.  He's certainly not a good supervision candidate.  So I'm going to revoke his supervised release in that case for 24 months.  The '02 and the '04 will be consecutive sentences.

(S. Tr. at 43-44).

Thus, the Court made clear both its intent to upwardly depart and to order that his two sentences run consecutively, and outlined the reasons for that decision.  Although Ortiz contends that his counsel should have objected to the consecutive sentences, he does not explain what the objection should have been based on, nor can he show that the Court would have granted it.  In fact, given the Court's comments at sentencing, it is clear that any objection to consecutive sentences would not have been sustained.  Accordingly, Ortiz cannot show that he would have received a different sentence, and he has failed to establish the prejudice prong of Strickland.  Therefore, this claim fails.

### 2. Failure to Investigate

Ortiz also makes a generic claim that his counsel failed to "investigate." Ortiz claims that his attorney should have conducted an independent investigation of the "revocation table" and should have objected to the 24-month sentence of revocation. In connection with this claim, Ortiz argues that "trial counsel has a duty and responsibility to secure the lowest possible sentence and by not doing so is what made trial counsel ineffective." (D.E. 24 at 5). Essentially, he argues that his counsel was ineffective because he did not receive the lowest possible sentence.

Ortiz's contention that his counsel was ineffective for failing to investigate is without merit. As an initial matter, he does not provide any information as to what the additional "investigation" would have revealed. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). His claim fails for this reason alone. Additionally, there is no presumption of prejudice based on a failure to investigate. Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990). Because Ortiz has not raised any specific facts that would show prejudice as a result of counsel's alleged failure to investigate, this claim fails.

Similarly, his contention that his attorney failed to secure the lowest possible sentence is flawed. It is *the Court* that determines the sentence, and the Court made that fact clear to Ortiz prior to accepting his guilty plea. (See D.E. 28, Rearraignment Transcript at 23-24). Moreover, his counsel attempted to argue for a lower sentence for him. Both the probation officer and the government recommended an upward departure to a sentence of 41 months. (S. Tr. at 36-38). Defense counsel argued that the high end of the applicable guideline range, or a 33-month sentence, would be appropriate. He therefore tried to secure a lower sentence for Ortiz, but the Court rejected his

arguments. Moreover, even if he had argued for a sentence at the lowest end of the guideline range, the Court would not have imposed it. Indeed, as previously noted, the Court upwardly departed. Accordingly, Ortiz cannot establish prejudice, and his claim fails.

For all of the foregoing reasons, Ortiz's ineffective assistance claims fail.

**D.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ortiz has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). The

Court need not address whether Ortiz has stated a valid claim of the denial of a constitutional right, because he cannot satisfy the second Slack prong.  That is, reasonable jurists could not debate the denial of his § 2255 motion on procedural grounds.  Under the plain record of this case, his motion is time-barred and he is not entitled to tolling.

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84). The Court concludes that reasonable jurists could not debate the denial of Ortiz's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 123 S. Ct. at 1034 (citing Slack, 529 U.S. at 484, 120 S. Ct. at 1604).

For the foregoing reasons, Ortiz is not entitled to a COA.

## V.  CONCLUSION

For the above-stated reasons, the government's motion to dismiss (D.E. 32) is GRANTED, and Ortiz's motion under 28 U.S.C. § 2255 (D.E. 24)  is DISMISSED as time-barred and for failure to state a claim.  The Court also DENIES Ortiz a Certificate of Appealability.

ORDERED this 4th day of October, 2006.

_____
Janis Graham Jack
United States District Judge